## C. Helmer Johnson, Administrator, Appellee, v. Chicago City Railway Company and Schwarzschild & Sulzberger Company, Appellants.

### Gen. Nos. 18,422, 18,423. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by C. Helmer Johnson, as administrator of the estate of William Peat, deceased, against Chicago City Railway Company and Schwarzschild & Sulzberger Company to recover for the wrongful death of plaintiff's intestate caused by a collision between the car upon which deceased was a passenger and a vehicle owned by defendant Schwarzschild & Sulzberger Company. It was undisputed that: The deceased was riding on the front right-hand step of the car in question, as it was being run westward on 47th street in the city of Chicago, and that at a point from thirty to seventy-five feet west of State street it collided with the wagon of the Schwarzschild & Sulzberger Company, and that in the collision the deceased received injuries from which he died.

A decided preponderance of the evidence showed that: At a point about fifty feet west of the west curb

line of State street the team of the Schwarzschild & Sulzberger Company stood hitched to a large wagon; that the rig consisting of this team and wagon was approximately thirty feet in length; that the wagon stood near the north curb line of 47th street with its rear end to the east; that the front end of the wagon was slightly farther from the north curb of the street than its rear end was, but far enough from the street car track to permit the car to pass with safety to the passengers thereon, including those standing on the steps of the car; that the horses were turned with their heads in a northwesterly direction and with their front feet on the sidewalk; that the deceased came south on a State street car, and when that car stopped on the north side of 47th street he alighted therefrom and ran south and west to the front step of the car on which he received the injuries complained of, which car was then passing westwardly; that he got upon the step of the car when the car was in motion and when it was from five to fifteen feet east of a point south of the wagon of Schwarzschild & Sulzberger Company; that at approximately the moment he gained the step the driver of the team in question, who had driven the same to a point on the north side of 47th street, immediately north of where the deceased met his injuries, and had left it standing there unhitched and unattended while he went into an adjacent saloon to get a drink, had his attention called to the fact that the team had gotten upon the sidewalk and that he then went out and in attempting to back them off from the sidewalk forced the wagon against the deceased and the car on which he was riding, inflicting the injuries from which he died; that the motorman did not have time after the wagon began to back into the street and before it struck the car and the deceased to prevent the collision by the use of any means within his power; and that he had no warning or reason to expect that the wagon was about to be backed into the street or moved.

From a joint judgment against them for ten thousand dollars, defendants appeal.

JAMES G. CONDON and C. LE ROY BROWN, for appellant Chicago City Railway Company; LEONARD A. BUSBY, of counsel.

C. HELMER JOHNSON and DANIEL BELASCO, for appellee.

WINSTON, PAYNE, STRAWN & SHAW, for appellant Schwarzschild & Sulzberger Company; JOHN D. BLACK, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 381*—*when carrier not liable for death of passenger due to collision with vehicle.* Where the driver of a vehicle in backing his horses off the sidewalk caused the rear end of the wagon to collide with a street car causing injury to a passenger standing on the front step, which resulted in his death, and the evidence showed that the motorman did not have time to prevent the collision by checking the car after the wagon began to back, it was *held* that a verdict against the street railway company could not be sustained.

2. ROADS AND BRIDGES, § 232*—*when owner of vehicle liable for injury to passenger on street car.* Where a driver in the employ of one of defendants, in backing his horses off the sidewalk caused the rear end of his vehicle to collide with a street car causing injuries to a passenger standing on the front steps, which resulted in his death, it was *held* that the evidence was sufficient to sustain a verdict against such defendant.

3. APPEAL AND ERROR, § 1736*—*when decision on prior appeal not conclusive.* The fact that a judgment against two defendants was reversed and remanded on a prior appeal is not conclusive as to the sufficiency of the evidence against one of the defendants on a subsequent appeal where additional evidence was introduced on the second trial.

4. APPEAL AND ERROR, § 1793*—*when joint judgment must be reversed as to all defendants.* Where in an action for wrongful

death against two defendants the evidence is insufficient to sustain a judgment against one, the judgment being joint must be reversed as to both, although the evidence sustained the judgment against the other defendant.

5. APPEAL AND ERROR, § 1802*—when judgment to be remanded on reversal. Where in an action for wrongful death against two defendants the evidence was insufficient to sustain liability on the part of one, the right of the Appellate Court to reverse with a finding of facts as to one appellant and to reverse and remand as to the other, on a joint judgment against both, being doubtful the cause will be remanded as to both.